**STATE of Missouri, Respondent,**

**v.**

**William CHILDERS, Appellant.**

**No. 47332.**

Supreme Court of Missouri,

Division No. 1.

Oct. 12, 1959.

**44**

No attorney for appellant.

John M. Dalton, Atty. Gen., James E. Conway, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

■ Defendant, a prisoner in the Missouri State Penitentiary, has appealed from the order and judgment of the Circuit Court of the City of St. Louis overruling his motion to vacate a prior judgment of that court wherein he was adjudged guilty of robbery in the first degree and sentenced to imprisonment in the penitentiary for a term of 15 years. Defendant's conviction was affirmed upon appeal by an opinion of this court adopted June 9, 1958. State v. Childers, Mo.Sup., 313 S.W.2d 728. Shortly thereafter the instant pleading was filed in the circuit court. It is entitled "Petition for the Writ of Error Coram Nobis." However, in the body of the petition and in the prayer, the defendant repeatedly refers to the power of the court to vacate the judgment under the provisions of Supreme Court Rule 27.26, 42 V.A.M.S., and the relief sought is based upon that rule. We will accordingly consider the petition as a motion filed pursuant to Rule 27.26. State v. Campbell, Mo.Sup., 307 S.W.2d 486.

■ Respondent has filed a motion to dismiss the appeal for the reason that the notice of appeal was not timely filed. The judgment appealed from was entered on October 27, 1958, and the notice of appeal was filed on December 19, 1958. However, respondent was apparently not advised of the fact that the notice of appeal was filed in accordance with leave granted by this court in a special order of appeal. The motion to dismiss is therefore overruled.

The relief sought by the instant motion is based solely upon allegations of error in regard to the instructions given in the trial. Specifically, it is alleged that the instructions did not require the jury to find all of the essential elements of the crime.

■ The trial court overruled the defendant's motion without granting a hearing thereon. No error was committed in that regard because the motion, on its face, disclosed that no claim for relief was stated therein. In that situation a hearing is not required. State v. Ninemires, Mo.Sup., 306 S.W.2d 527.

. We recently stated that "Rule 27.26 affords a prisoner a convenient means for a direct attack on the judgment of conviction by motion in the original proceeding. The attack is governed by the general principles applicable to habeas corpus proceedings within the grounds specified in Rule 27.26, which lie only where the sentence is void or otherwise subject to collateral

attack." State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 806. We have also said that "A motion under Rule 27.26 may not be used as a substitute for a motion for new trial (State v. Cerny, Mo.Sup., 286 S.W.2d 804) nor function as an appeal." State v. Hagedorn, Mo.Sup., 305 S.W.2d 700, 702.

 The contention in defendant's motion that the instructions were incomplete and inadequate obviously relates to trial errors. If defendant desired a review of the sufficiency of the instructions he should have made proper complaint regarding same in his motion for new trial, in which event we would have decided his contentions when the case was here on appeal from the original judgment of conviction. Rule 27.26 does not afford a basis for the review of trial errors of the nature alleged in the motion. Erroneous instructions would not void the judgment nor subject it to collateral attack. State v. Rutledge, Mo.Sup., 317 S.W.2d 365.

In a reply brief (no original brief was filed) defendant, pro se, points out that he was represented in the trial by court-appointed counsel and that, in the motion for new trial, his attorney did not specify, with particularity, the grounds of his complaint concerning the instructions and for that reason this court refused to review that assignment upon appeal. He states that since "this was the fault of this court-appointed attorney, the Circuit Court and the State would surely want to accept some of the responsibility in failing [sic] to appoint an attorney who overlooked errors in the appellant's trial. And surely the State and the Circuit Court would not object if the appellant tried to correct an error by using Missouri Supreme Court Rule 27.26 when they were partly to blame because this was not brought up in the first appeal."

 In determining similar contentions this court has consistently followed the rule that "negligence or want of skill of counsel affords no ground for the reversal of even a criminal case [State v. Dreher, 137 Mo. 11, 23, 38 S.W. 567, 569; State v. Selvaggi, 319 Mo. 40, 45, 2 S.W.2d 765, 767]." State v. Mason, 339 Mo. 874, 98 S.W.2d 574, 577. Under the circumstances presented, we rule that the alleged negligence of his attorney in failing to include in the motion for new trial a particularized assignment of error in regard to the instructions will not afford defendant a right to a review of the alleged errors in those instructions in the instant proceeding.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.