STATE of Missouri, Respondent,

v.

Wilbert Roscoe McMILLIAN, Appellant.

No. 50741.

Supreme Court of Missouri,

Division No. 1.

Oct. 12, 1964.

Motion to Transfer to Court En Banc Denied Nov. 9, 1964.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., Jefferson City, for respondent.

E. C. Lockwood, Mountain Grove, for appellant.

HIGGINS, Commissioner.

This appeal is from an order overruling appellant's motion to set aside and vacate judgment and sentence, filed under Supreme Court Rule 27.26, V.A.M.R. No evidence was offered at the hearing and, after argument by counsel, the court found that the files and records of the court showed to the satisfaction of the court that the appellant was entitled to no relief.

Wilbert Roscoe McMillian was convicted December 18, 1958, of the crime of forcible rape and was sentenced to life imprisonment. He appealed from the judgment and sentence and his conviction was affirmed October 10, 1960. State v. McMillian, Mo., 338 S.W.2d 838

Assignment No. I is that appellant was denied the protection of due process of law. In support of this contention appellant states that his court-appointed counsel lived thirty miles away; that there were little means of procuring evidence; that there was little opportunity for conference, and that he was without counsel when he waived his preliminary hearing. Assignment No. II also relates to a charge of lack of time to procure and evaluate evidence, and we consider these assignments together. The transcript filed in the original appeal shows that counsel was appointed for appellant October 27, 1958, and that appellant and his counsel then asked "that the cause be continued until December 15, 1958, for preparation for trial." On December 15, 1958, appellant appeared with his counsel, waived formal arraignment, and *announced ready for trial.* No request

for continuance for additional preparation was made. The rule in connection with time to prepare is stated generally in 23 C.J.S. Criminal Law § 982(8), p. 978: "The amount of time and effort of preparation required to provide effective representation will vary with the nature of the charge, counsel's familiarity with the applicable law, and the facts, *and a claim of lack of effective assistance of counsel must be supported by a showing that more time was needed, requested, and denied."* In State v. Stucker, 352 Mo. 1056, 180 S.W.2d 719, appellant's counsel was appointed the day before trial began on a charge of assault with intent to kill which resulted in conviction and a sentence of imprisonment for twenty years. There the court said, 1. c. 720 [3, 4]: "We know of no decisions holding the accused can complain of want of time for preparation when he did not ask for it." See also State ex. rel. Stewart v. Blair, 357 Mo. 287, 208 S.W.2d 268, 276 [11], 278 [18].

We have previously held that "Neither the federal or state constitution, nor any of our statutes require the magistrate to appoint counsel for the accused at a preliminary examination," State v. Turner, Mo., 353 S.W.2d 602, 604 [6–8], and any defect in connection with the preliminary examination would be waived by failing to object and going to trial. State v. Taylor, 362 Mo. 676, 243 S.W.2d 301, 302 [1].

Appellant here announced ready for trial without request for additional time or continuance, and stood trial with the aid of competent counsel and without raising any question concerning his preliminary hearing or his waiver of that right. His complaints by way of Assignments I and II are denied.

By his Assignment No. III appellant charges that his conviction was obtained by perjury and suppression of evidence. Although the argument on this assignment contains some allusions to the evidence at the trial, the charges of perjury and sup-

pressed evidence are unsupported conclusions. We have held that "A motion to vacate under Rule 27.26 is insufficient which states mere conclusions. In order to state a claim, the facts alleged must be sufficient to establish grounds for the relief contemplated by the rule." State v. Ninemires, Mo., 306 S.W.2d 527, 530 [8], 531 [9, 10]. Other than by way of appellant's unsupported accusations and conclusions it is not shown where the prosecution in this case knowingly used perjured testimony or gained conviction by suppressing evidence. There are no affidavits, testimony or other evidence by which these assertions might be supported, and they do not prove themselves. The assignment is overruled.

Assignment No. IV charges that the court erred in overruling motions for acquittal at the close of the State's case and at the close of all the evidence. Assignment No. V charges that the court erred in not instructing the jury as required by Section 546.070 RSMo 1959, V.A.M.S. Assignments VI and VII are complaints of failure to declare mistrial because of alleged inflammatory and prejudicial argument. These assignments are the same as some of the errors alleged to have occurred at the trial of the case, and they were reviewed and ruled specifically on the direct appeal. State v. McMillian, supra. We have held that " 'Rule 27.26 affords a prisoner a convenient means for a direct attack on the judgment of conviction by motion in the original proceeding. The attack is governed by the general principles applicable to habeas corpus proceedings within the grounds specified in Rule 27.26, which lie only where the sentence is void or otherwise subject to collateral attack.' State v. Cerny, 365 Mo. 732, 286 S.W.2d 804, 806. We have also said that 'A motion under Rule 27.26 may not be used as a substitute for a motion for new trial (State v. Cerny, [365] Mo.Sup. [732], 286 S.W.2d 804) nor function as an appeal.' State v. Hagedorn, Mo.Sup., 305 S.W.2d 700, 702." State v. Childers, Mo., 328 S.W.2d 43, 44 [3].

 In State v. Childers, supra, 1. c. 45 [4], we held that "Rule 27.26 does not afford a basis for the review of trial errors * * *." The matters contained in Assignments IV, V, VI, and VII, were all reviewed and ruled on the direct appeal and are not to be considered in this proceeding.

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM: The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.