**STATE of Missouri, Respondent,**

v.

**Floyd Delorace POPE, Appellant.**

No. 51314.

Supreme Court of Missouri,
Division No. 2.

Feb. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Gerald H. Johnson, Special Asst. Atty. Gen., Cape Girardeau, for respondent.

No attorney for appellant.

STOCKARD, Commissioner.

Appellant was found guilty by a jury of robbery in the first degree, and was sentenced by the court to imprisonment for fifteen years. That judgment was affirmed on appeal. State v. Pope, Mo., 364 S.W.2d 564. Appellant thereafter filed a motion pursuant to Criminal Rule 27.26, V.A.M.R., to vacate the judgment and sentence, and from the order of the trial court denying that motion without an evidentiary hearing he has appealed. After a previous opinion

was handed down by this court on October 10, 1966, affirming the order of the trial court a rehearing was granted and the cause resubmitted.

Edward Dugan testified at the trial that in the early hours of December 14, 1961, appellant and another person assaulted him and took between $120 and $130 from him while he was in a vacant lot or yard at the end of a "dead end alley" off of Washington Street in the City of St. Louis. About two o'clock in the morning of December 17 appellant was arrested with two women in front of a cocktail lounge at 4458 Washington. He was not then arrested for this robbery. A short time later he was identified by Edward Dugan as the person who had robbed him three days earlier. At the time of his arrest he was wearing an earring with a white stone, and Mr. Dugan testified that the man who robbed him was wearing such an earring.

Appellant's motion, apparently drafted pro se, is inartfully written. However, it can be ascertained therefrom that he contends (1) his "arrest without a warrant was an unconstitutional act, he was not arrested for the robbery charged," and he was thereby deprived of his "right to build and combat the evidence which officers Casey and Janson coerced from Miss Irons;" (2) a diamond studded "ear screw" was wrongfully taken from him while under arrest and subsequently admitted into evidence; (3) the officers participating in the arrest "collaborated in giving perjured testimony;" and (4) Mr. Edward Dugan, the prosecuting witness, committed perjury.

■ Appellant filed a motion in the trial court and has renewed that motion in this court for the appointment of counsel to assist him in the preparation and presentation of his contentions in the trial court and on this appeal. He argues that counsel in this post-conviction proceeding is necessary to "bring out the hidden merits." He cites many cases pertaining to the requirement that counsel be appointed at trial for an indigent accused. Those cases are not applicable here. Appellant was represented by counsel at his trial. In a recent case, State v. Washington, Mo., 399 S.W.2d 109, 112, this court held that "A motion to vacate and set aside a criminal conviction is in the nature of a civil procedure rather than a criminal prosecution and the defendant is not entitled to counsel as a matter of right solely by reason of indigency." See also Long v. District Court of Iowa, 385 U.S. 192, 87 S. Ct. 362, 17 L.Ed.2d 290, where the issues included the refusal to appoint counsel and to furnish a free transcript to an indigent petitioner in a post-conviction proceeding. The Supreme Court granted certiorari "limited solely to the refusal to furnish petitioner, an indigent, with a transcript of the habeas corpus proceeding, for purpose of appeal." The Supreme Court has not yet required the appointment of counsel in a post-conviction proceeding to vacate a sentence and judgment. There is no abuse of discretion in failing to appoint counsel to "bring out the hidden merits" in this post-conviction proceeding.

■■ We turn now to appellant's specific contentions in his motion. Appellant did not challenge the legality of his arrest at his trial, and the fact that appellant was not charged with robbery at the time of his original arrest constitutes no basis for challenging the validity of a subsequent conviction of robbery based upon a proper information. If appellant is lawfully held in confinement he is not wrongfully deprived of anything. However, in this case appellant asserts that he was deprived of an opportunity to "combat the evidence which Officers Casey and Janson coerced from Miss Irons." The facts, as alleged by appellant in his motion are these: While in jail appellant was told by Miss Irons, another prisoner, that Officers Casey and Jansen had a man in their office who said that appellant and a woman, a Miss Johnson, had robbed him, and that if she, Miss Irons, wanted to "get off the hold-over and go home" she would have to make a statement that appellant and Miss Johnson had told her that they did rob the man. However,

although appellant then alleges that Miss Irons "said she did" and was released, he alleges further that she "was never called to trial." The transcript of appellant's trial shows that Miss Irons was not a witness and no statement of hers was offered or received in evidence. Under no circumstance could the circumstances related by appellant constitute grounds for vacating his conviction.

Mr. Edward Dugan identified appellant as the one who robbed him, and as previously noted he testified that at the time appellant was wearing an earring in his left ear. The testimony also showed that at the time of his arrest he was wearing an earring, or what appellant calls an "ear screw." Appellant alleges that while he was under arrest Officer Casey took from his ear "a diamond studded ear screw" and told him that it would be kept with the rest of his property, apparently for safe keeping. At the trial an earring or "ear screw" was identified as the one taken from appellant's ear and it was admitted into evidence after appellant's counsel, when asked if he had any objection, said "None whatever." There obviously was no error in admitting the earring in evidence, but in any event such matters cannot be reached in an attack on the judgment and sentence in a post-conviction proceeding such as this. State v. King, Mo., 379 S.W.2d 522; State v. Engberg, Mo., 391 S.W.2d 868.

The remaining two contentions pertain to alleged perjured testimony and may be considered together. In the trial Mr. Dugan testified that the robbery took place after he had driven his automobile south from Washington Street about seventy-five feet into an "alley." He stated that the "alley" was about fifteen feet in width and extended along the building about fifty feet, and then entered into a lot or an area. It was after he had entered this lot or area and had started to turn his automobile around that the robbery took place. The "alley" did not extend through the lot or

area but "dead ended" there. At one time Mr. Dugan referred to it as "a driveway, more or less." Several times in his testimony Mr. Dugan said the alley or driveway was in the 4600 block of Washington, but he also located it as being a short distance east of the Hermitage Hotel and west of Newstead Street which would have placed it in the 4400 block. Appellant alleges that Mr. Dugan's testimony about the alley constituted perjury because the sidewalk supervisor of the Department of Streets of the City of St. Louis has advised him by letter that there are "no north and south alleys on either the north or south sides of the 4400 block of Washington Boulevard."

Appellant alleges that Officers Casey and Jansen "collaborated in giving perjured testimony" which is "unquestionably shown by the testimony of Mr. Edward Dugan and that of both Officers Casey and Jansen." In asserting what constituted perjury, reference is made only to the testimony of Mr. Dugan as above set out. At the trial Officers Casey and Jansen testified to the circumstances of appellant's arrest and that at the time he was wearing an earring. Neither made any mention of the circumstances of the alleged robbery, and in the testimony of neither was there any mention whatever of an alley or of the place where the robbery took place. There is absolutely no factual basis for the conclusionary allegations of perjury on the part of either Officer Casey or Officer Jansen, or that they "collaborated in giving perjured testimony."

The term "alley" is commonly used to refer to a passageway that is not a street, avenue or boulevard. It is defined as "a narrow way designed for the special accommodation of the property it reaches." Black's Law Dictionary. It may but does not necessarily refer to a "public" way. In fact, in this case, Mr. Dugan referred to the passageway as an "alley" and also as "a driveway, more or less." At no place did he refer to it as a "public" alley or de-

scribe it so as to infer that it was a public way. His description of it, that is, that it was fifteen feet in width, and that it extended about fifty feet along the length of the building and ended in a lot or area behind the building clearly indicated that it was not a public way. Assuming, as appellant contends, that there is no "public" alley extending south in the 4400 block of Washington, and that is all that the letter from the sidewalk supervisor says, no perjury is shown to exist in the testimony of Mr. Dugan. There is no contention that Mr. Dugan committed perjury when he testified, in effect, that the robbery occurred in a lot or area south of Washington Street reached by a narrow way. It is immaterial whether Mr. Dugan called that narrow way an "alley," a "driveway," or used some other term describing such a passageway, and certainly the use of the descriptive term "alley," when perhaps under the facts a better descriptive term would have been a "driveway" or "private alley," could not constitute perjury.

 The motion of appellant, and the information submitted by him in support thereof, together with the files and records in the case conclusively demonstrate that he is not entitled to the relief sought, and the trial court did not err in denying his motion without an evidentiary hearing. See State v. Moreland, Mo., 351 S.W.2d 33; State v. Johnstone, Mo., 350 S.W.2d 774, certiorari denied 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed.2d 280; Martinez v. United States, 10 Cir., 344 F.2d 325; Thomas v. United States, 7 Cir., 308 F.2d 369.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.