**James Nathaniel MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 56528.

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1972.

Theodore F. Schwartz, Ackerman, Schiller & Schwartz, Clayton, for appellant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appeal (taken prior to January 1, 1972) from denial, after evidentiary hearing, of motion under Rule 27.26, V.A.M.R., to vacate and set aside judgment of conviction of forcible rape.

James Nathaniel Moore was convicted by a jury of forcible rape; judgment was rendered March 20, 1961. The appeal was submitted on the state's brief and defendant's motion for new trial; and, according to the practice then prevailing, appellant, unrepresented by counsel, received a review on the allegations of his motion for new trial. The conviction was affirmed February 12, 1962. State v. Moore, Mo., 353 S.W.2d 712.

On January 8, 1968, the judgment of this court affirming defendant's conviction was set aside pursuant to Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33, and Swenson v. Donnell, 8 Cir., 382 F.2d 248, and reinstated on the docket of this court for brief and argument on behalf of appellant with the assistance of counsel.

In the meantime, defendant pursued postconviction relief under Rule 27.26, V.A.M.R., and the appeal from denial of such relief was consolidated with his direct appeal.

Upon the combined appeal, appellant presented twelve points, the first eight of

which related to alleged errors in connection with the direct appeal, and the last four of which pertained to the postconviction motion. In general, the points related to errors assigned to admission of evidence, counsel, and attacks upon the testimony of the prosecutrix. The facts were recited in some detail, covering the testimony of the prosecutrix, exhibits, identification procedures, noting the 32-page deposition taken of the prosecutrix by defendant, defendant's 18-page cross-examination of the prosecutrix, and ruling movant's assertions that the conviction was secured by "false or exaggerated testimony," knowingly used by the prosecutor. The conviction and judgment denying postconviction relief were affirmed December 9, 1968. State v. Moore, Mo., 435 S.W.2d 8.

■ On this appeal, appellant asserts that "certain matters were heretofore raised in movant's prior motion for postconviction relief," and the only matter pursued in this second motion "was the question of the false or exaggerated testimony of the prosecutrix and the prior inconsistencies concerning her identification of defendant-movant." As a basis for the sole point on this appeal, it is further asserted that movant attempted to question the prosecutrix about her 1961 trial testimony, and that the court sustained objections to such questioning. Appellant contends the court erred in refusing to allow movant to examine the prosecutrix concerning her identification of movant.

He cites no authority for his position other than cases holding the burden of proof to be on movant, with regard to allegations of a postconviction motion, e. g., State v. Freedman, Mo., 282 S.W.2d 576; State v. Hurst, Mo., 280 S.W.2d 115; State v. McMillian, Mo., 383 S.W.2d 721; State v. Good, Mo., 403 S.W.2d 594. In further recognition of the difficulty in his position, appellant acknowledges that the "Court has previously held that all of the prior extrajudicial testimony and statements by the prosecutrix do not rise to the

dignity or standing of 'newly found evidence' to support the allegations in movant's post-conviction motion." (See State v. Moore, supra, 435 S.W.2d 1. c. 16, 17.) He then concludes the only other means available to movant to support and prove the allegations of his motion lie in the testimony of the prosecutrix, and denial of such extensive examination denied him the only means of proof available.

The transcript of the hearing shows receipt and consideration of the prosecutrix's pretrial deposition and the trial transcript in which, as previously noted, she was extensively examined and cross-examined as to identification of movant as her assailant. The motion transcript also shows prosecutrix's continued positive identification of appellant as her assailant.

In such circumstances, it may not be said that the court was "clearly erroneous" in the alleged limitation of further examination of prosecutrix. Defendant was given ample opportunity to cross-examine prosecutrix upon his trial. He was unable to demonstrate to the jury that her identification was uncertain or incorrect and, upon review, this court held that prosecutrix's identification of defendant was substantial evidence not destroyed by incomplete or conflicting testimony. State v. Moore, supra, 435 S.W.2d 16–17.

■ Movant's position appears as a postconviction attack upon the credibility of the prosecutrix, and her credibility was a question for, and resolved by, the jury. State v. Howard, Mo., 383 S.W.2d 701, 704; Bledsoe v. State, Mo., 456 S.W.2d 4, 6. To view movant's position otherwise would be to permit a 27.26 motion to be used as a vehicle for retrial of a jury question, a function not assigned to proceedings under Rule 27.26. Webb v. State, Mo., 447 S.W.2d 513, 514.

Judgment affirmed.

WELBORN, C., concurs.

PER CURIAM:

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

HOLMAN, P. J., SEILER, J., and KEET, Special Judge, concur.

BARDGETT, J., not sitting.