361 F.Supp. 1346 (1973)
James Nathaniel MOORE, Petitioner,
v.
Harold R. SWENSON, Warden, Missouri State Penitentiary, Respondent.
No. 72 C 679(4).
United States District Court, E. D. Missouri, E. D.
August 10, 1973.
*1347 James Nathaniel Moore, pro se.
John C. Danforth, Atty. Gen., and Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, Mo., for defendant.

*1348 MEMORANDUM
WANGELIN, District Judge.
This action by a Missouri state prisoner for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, is once again before the Court upon the response of the Warden of the Missouri Penitentiary. Petitioner is presently incarcerated for the crime of rape, pursuant to a jury conviction and a forty-five year sentence imposed on March 20, 1961, in the Circuit Court of the City of St. Louis, Missouri.
By order and memorandum filed February 13, 1973, the Court denied the respondent's original contention that the action should be dismissed for failure to exhaust available state remedies and for failure to make sufficient factual allegations. The Court ordered, and the respondent filed, a new response to the instant petition. Upon consideration of the merits of petitioner's grounds, I conclude that the writ should not issue and that the action must be dismissed.
The grounds which petitioner alleges herein are generally stated as follows:
(1) During petitioner's post-conviction state evidentiary hearing his counsel was not permitted by the court to adequately examine the prosecuting witness on her post-trial uncertainty regarding her trial identification of petitioner as her assailant.
(2) Petitioner was convicted on the perjured testimony of the prosecuting witness.
(3) (a) Improperly suggestive pretrial identification procedures helped induce the prosecutrix to identify petitioner as her assailant.
(b) At "a later line-up" petitioner was denied assistance of counsel.
(4) There was "a total lack of proof" to support the conviction.
(5) Petitioner was denied his right to counsel at critical pre-trial stages of the prosecution, i. e. "line-up, court appearance, and the taking of his clothes."
(6) The effect (separate and cumulative) of the method of petitioner's arrest, pre-trial identification, trial and lack of effective assistance of counsel was the denial of a fair trial.
(7)(a) Petitioner was denied his right to effective assistance of counsel during the trial when certain evidence, his pants, the product of an allegedly illegal seizure violative of the Fourth Amendment, were improperly allowed by his counsel to be used against him at trial.
(b) Petitioner was denied effective assistance of counsel when his trial counsel "allowed the parading of the prosecutrix' underclothes in open court, when such tactics were highly prejudicial, and had no probative value in the case. . . ."
(8) Petitioner incorporates the allegations and argument made in his 1968 brief before the Missouri Supreme Court.
For the reasons stated in this Court's February 13, 1973, order the Court finds and concludes that petitioner has exhausted his available state remedies regarding the grounds raised by the instant petition.
Petitioner's first ground is an insufficient basis for his contention, under 28 U.S.C. § 2254, that he is in custody in violation of the Constitution, laws or treaties of the United States. Rather, this ground is relevant to the issue of whether this Court is required to hold an evidentiary hearing on the merits of his second ground. Townsend v. Sain, 372 U.S. 293, 313 at n. 9, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).
Regarding petitioner's second ground, respondent correctly points out that petitioner failed to allege that the state knowingly used this allegedly perjured and false testimony. Petitioner must plead and prove in this action both the falsity of the prosecuting witness' identification testimony and the state's knowing use of it. Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Stidham v. Swenson, 328 F.Supp. 1291, 1295 (W.D.Mo.1970); rev'd on other grounds, 443 F.2d 1327 *1349 (8th Cir. 1971); rev'd and rem'd sub nom. Swenson v. Stidham, 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972). The Court notes, in this regard, that in his 1966 motion to vacate judgment and sentence, pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R., petitioner alleged both the falsity of the testimony and the state's knowing use of it. This motion was denied without an evidentiary hearing and this denial was affirmed on appeal. State of Missouri v. Moore, 435 S.W.2d 8 (Mo. en banc 1968).
Pursuant to petitioner's 1969 Rule 27.26 motion an evidentiary hearing was held. During this hearing petitioner offered evidence only on the certainty of the prosecuting witness in her trial identification of petitioner as her assailant. She testified in this Rule 27.26 hearing that she believed, during petitioner's trial, that her identification testimony was true and correct. The Rule 27.26 trial court found that she did not testify falsely at the original trial. On appeal the Missouri Supreme Court ruled that the issue of the prosecuting witness' certainty of her trial testimony was one of credibility for the original trial court and not one for resolution in a post-conviction collateral attack. Moore v. State of Missouri, 485 S.W.2d 9, 10 (Mo.1972). This Court has reviewed the state post-conviction hearing transcript and finds that the state attorney's objections to counsel's examination of the prosecuting witness occurred when she was examined on her ability to recollect the trial record (Exh. E, 51), on her trial testimony regarding her opportunity to observe the face of her assailant (Exh. E, 54), and on her ever seeing the petitioner before the night of her attack (Exh. E, 58). The court sustained these objections.
This Court is of the opinion that it is a fine line that separates the issues of whether the prosecuting witness' trial testimony was properly believed by the jury and whether the post-conviction testimony of her trial veracity was credible. Indeed her trial testimonial recollection of the circumstances of her attack may well be relevant to both issues. However, this Court is of the opinion that, considering the almost ten-year period between the trial and the Rule 27.26 hearing and the unequivocal nature of her recollection of her own veracity and certainty, the trial court correctly sustained the aforesaid objections. In addition, that court had before it the trial transcript. This Court finds and concludes that an evidentiary hearing in this Court is not required by Townsend v. Sain, supra, on petitioner's second ground for relief and that no useful purpose would be served by a new hearing.
In consequence, the Court finds and concludes that petitioner's second ground for relief must be denied both because he failed to allege that the state prosecutor knowingly used the allegedly false testimony and because he failed to prove that the subject testimony was false or perjurious.
In ground No. 3 petitioner attacks the propriety of the pre-trial identification of him by the rape victim as her assailant. In a case such as this one, where the pretrial identification or confrontation occurred before June 12, 1967, the rulings of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), respecting the presence of counsel at a pretrial confrontation for identification purposes, are inapplicable. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). Rather, the Court must look to the totality of the surrounding circumstances of the case to determine whether pretrial lineup or photographic identification procedures were so unnecessary or "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons *1350 v. United States, 390 U.S. 377, at 384, 88 S.Ct. 967 at 971, 19 L.Ed.2d 1247 (1968); Foster v. California, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969).
The Missouri Supreme Court considered the issues raised by petitioner's third ground and stated, on the basis of the case record, the following:
The day after the crime was committed, the prosecutrix viewed and examined photographs at police headquarters. Out of those shown, she selected six or seven for further viewing. She then narrowed the field to two and she identified one of them as the picture of her assailant. After the defendant was arrested, the prosecutrix picked him from a lineup of several Negro men, the number of which was variously estimated by the witnesses as from five to eight. She had the defendant and at least another speak the words she had heard her attacker say which were "Don't say a word, or I will kill you", and "Take off your pants". She made a pretrial identification of the defendant as the man who raped her. At the trial she identified the defendant as her attacker and was cross-examined both with regard to her trial and pretrial identifications.
* * * * *
Apparently the prosecutrix examined numerous photographs and some of them more than once, but there is no evidence that she was influenced in any manner by the police or that her selection was directed by them. It is inherent in the examination of photographs at a police headquarters that the viewer would suspect that the subjects photographed would have had some brush with the law and no objection is made on that score. See Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 971 [1-4], 19 L.Ed.2d 1247. In her [pre-trial] deposition, the victim testified that after she had picked out the defendant James Moore and told the police that he was the man, one of the policemen said that Moore had been sent up for rape for nine years or something like that. There was no evidence of this at the trial. If such a statement was made, it should not have been, but on the whole record it cannot be said to have influenced her identification coming at the time it did and when considered in the total circumstances. See State v. Bosler, Mo., 432 S.W.2d 237, 238 [1]. Nothing of substance has been shown against the manner in which the lineup was conducted. More than one of those in the lineup was required to speak so there was some voice comparison.
435 S.W.2d at 12-13.
This Court has examined the pre-trial deposition of the prosecutrix and finds that it fully supports the Missouri Supreme Court's treatment of the pre-trial identification issue. From the record it sufficiently appears that there was no substantial likelihood of irreparable misidentification. Simmons, supra; Foster, supra.
Petitioner's fourth ground, that there was a total lack of proof to support the conviction, is wholly without merit. The essential elements of the crime were adequately supported by evidence.
Petitioner's fifth ground, denial of his right to counsel, is likewise without merit. It appears from the record that the state appointed an attorney to represent petitioner on December 29, 1960, the day of his arraignment, and that he was continuously represented by counsel thereafter. 435 S.W.2d at 14. The Missouri Supreme Court, however, stated that petitioner "says he had a preliminary hearing on December 7 in the `Court of Criminal Correction' and *1351 he was not advised of his right to counsel, but the record is contrary to his assertion." Ibid. Any failure by the state to appoint counsel to represent petitioner at the preliminary hearing, if such a hearing was held, does not vitiate the conviction since Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L. Ed.2d 387 (1970), is not retroactive in application. Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972). Lack of counsel at a post-indictment lineup does not require invocation of the per se exclusionary rule of Wade, supra, in petitioner's case since Wade is not retroactive. Petitioner's claim of absence of counsel when his clothing was taken is frivolous and without merit. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
Petitioner's sixth ground, inadequacy of counsel, is without merit. At trial petitioner's counsel objected to the introduction of the prosecuting witness' panties. The objection was overruled by the trial court. While petitioner's pants came into evidence without defense objection, the failure to object does not indicate inadequate representation. Robinson v. United States, 448 F.2d 1255 (8th Cir. 1971).
Petitioner's eighth ground, a general incorporation of his brief before the Missouri Supreme Court, is both redundant of other grounds raised specifically and an improper method of raising new grounds. The Court will not sift through the subject brief in an effort to determine what grounds have not been otherwise raised and ruled. In a case such as this, petitioner must set out his grounds specifically without reference to another lengthy document.
In consequence, I find no merit in petitioner's grounds and will dismiss the action.