**STATE of Missouri, Respondent,**

v.

**Clarence Richard BOSLER, Appellant.**

**No. 49129.**

Supreme Court of Missouri,

Division No. 1.

April 8, 1963.

Clarence Richard Bosler pro se.

Thomas F. Eagleton, Atty. Gen., James K. Pendleton, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

WESTHUES, Judge.

The defendant was charged by an indictment of having committed robbery in the first degree by means of a dangerous and deadly weapon. The offense was alleged to have been committed on December 30, 1960, in the City of St. Louis, Missouri. The indictment alleged further that Bosler had previously been convicted on five separate felony charges. Upon a trial, a jury found defendant guilty of robbery in the first degree. The trial court, in accordance with Section 556.280, RSMo 1959, V.A.M.S., held a hearing on the question of whether Bosler had previously been convicted and had served sentences therefor. The trial court so found and assessed defendant's punishment at imprisonment in the State Penitentiary for a term of twenty-five years. From the sentence, defendant appealed to this court.

We shall first dispose of a number of preliminary matters raised by a brief filed by the defendant pro se. Defendant was represented by court-appointed counsel at the trial of his case. This attorney filed a motion for a new trial and after it was overruled and judgment entered, he filed a notice of appeal. This attorney further applied for and obtained an extension of time to file a transcript of the evidence in the trial court. Thereafter, and before the transcript was filed, defendant asked the trial court to terminate the assignment of defense counsel. The trial court granted this request on March 30, 1962. Defendant was granted leave to appeal as a poor person. The transcript of the record was approved by the assistant circuit attorney on July 25, 1962. The record shows that on December 3, 1962, the trial court approved the transcript. The entry on the record reads:

"TRANSCRIPT ON APPEAL APPROVED BY THE COURT

"The Defendant pro se not having agreed, this Transcript on Appeal is hereby approved this 3rd day of December, 1962.

/s/ "Ivan Lee Holt, Jr.
"Judge"

The record further shows that Herbert A. Mack, the court-appointed attorney who represented defendant throughout the trial, approved the transcript. Whether such approval by Mr. Mack is binding on the defendant is not material in view of the record as made by the trial court wherein it was stated that defendant had not agreed to the transcript. In a brief filed in this court, defendant suggested that he had not had the opportunity to examine the transcript and therefore he had been denied his rights under the law. In this brief, defendant asserts that the transcript before us "fraudulently purports to be Appellant's transcript." This seems to be defendant's claim as further indicated by a letter from the Warden of the State Penitentiary, addressed to George W. Draper II, an Assistant Attorney General, wherein the Warden stated: "When the indicated subject (Bosler) was presented the copy of his transcript of appeal he would not sign the acknowledgment, as he indicated this document was a fraudulent copy."

In the circumstances, this court is justified in accepting the action of the trial court in approving the transcript. S.Ct. Rule 82.12(c), V.A.M.R., provides in part that "If the parties agree that the transcript correctly includes all of the record, proceedings and evidence, it need not be approved by the trial court. * * * If there is any dispute concerning the correctness of any transcript, or any part thereof, or if the parties fail to agree within a reasonable time as to its correctness, the transcript shall be settled and approved by the trial court." The defendant disputes the correctness of the transcript and claims that it is fraudulent. Hence, under Rule 82.12(c), supra, the trial court was authorized to pass on its correctness. As aforementioned, the court approved the transcript on December 3, 1962.

■ Defendant complains that this court, on October 8, 1962, denied his request to have access to the transcript. This court is under no obligation to surrender the transcript filed here on appeal. Ordinarily, a defendant or his attorney makes use of the transcript filed in the circuit court or trial court. Under the rules of procedure, this court, in a criminal case where no brief is filed by a defendant, is required to review all assignments of error properly preserved in a motion for new trial and this court may consider plain errors not raised in the motion for new trial. S. Ct. Rules 28.02 and 27.20, V.A.M.R.; State v. Reece, Mo., 324 S.W.2d 656. A defendant's rights are thereby fully protected.

■ Defendant, in a brief in reply to respondent's brief, complains that the brief of respondent was not served on him until January 10, 1963. He stated that the brief should have been filed and served on or before January 7, 1963, that being 10 days before the case was set for trial. Defendant requested this court to disallow the brief. Under the rules, an appellant is required to file the first brief. Defendant-appellant filed no such brief. He did file a reply to respondent's brief. He is in no position to ask that respondent's brief be disallowed.

■ Defendant next contends that this court is disqualified for the reason that each of the judges is a defendant in a civil case for damages filed in the Federal Court by the defendant. That case has finally been disposed of and no such case is now pending. The point is without merit.

In the trial of the case, the State introduced evidence which justifies the following statement: On the evening of December 30, 1960, two men entered a drugstore at 3101 Arsenal Street, St. Louis, Missouri, owned and operated by Mr. and Mrs. James Rigsbey. Mrs. Rigsbey was in the store at the time. She testified that the defendant with a gun in his hand asked her, "Where is the safe?"; that he commanded her to get down on the floor in "the back aisle" and remain there while defendant's accomplice searched through a change drawer, cigar boxes, and a small cash box; further, that defendant took her billfold containing about $5; that all together the two men obtained about $190. A Mrs. Cox entered the store while the robbery was in progress and she was forced to join Mrs. Rigsbey on the floor in the back aisle.

■ At the trial, Mrs. Rigsbey and Mrs. Cox identified the defendant as the man that had committed the robbery. The defendant did not testify. His plea was an alibi. Two witnesses gave evidence in support of that plea. It is apparent that the State's evidence was sufficient to sustain a verdict of guilty.

■ In the motion for new trial, defendant complained that the court erred in refusing to allow Detective King to testify concerning his knowledge of defendant's incarceration on January 3, 4, 5, 6, and 7, 1961. Defendant's theory was that such evidence would discredit the State's witnesses as to the identification of the defendant. There was some confusion about the time and day Mrs. Rigsbey and Mrs. Cox were called to the police station and the day these witnesses were asked to view certain pictures. The trial court ruled that this evidence was irrelevant. We are in agreement with that ruling. Mrs. Rigsbey and also Mrs. Cox identified the defendant at the trial and each of these witnesses was cross-examined at length on the subject of identification. It was immaterial as to what day the first identification was made and whether made from a picture or from "the lineup" at police headquarters. These witnesses identified the defendant on each occasion. Defendant's point is without merit. State v. Parker, Mo., 324 S.W.2d 717, 1. c. 723(10).

■ In the motion for new trial, defendant says that the punishment of twenty-five years' imprisonment is excessive. Section 560.135, V.A.M.S., authorizes a pun-

ishment for robbery in the first degree by means of a deadly and dangerous weapon at death or by imprisonment for not less than five years. The defendant, in the circumstances of having five previous convictions, is in no position to complain that the punishment of twenty-five years' imprisonment is excessive.

We have disposed of all questions presented for review and find no prejudicial error.

The judgment of conviction is affirmed.

■ The defendant, on March 20, 1962, which was prior to the time the transcript of the record was prepared in the above case, filed a motion to vacate the judgment of conviction under S.Ct. Rule 27.26, V.A.M.R. The trial court, on March 26, 1962, after considering certain letters and statements of the defendant, overruled the motion to vacate. The defendant appealed and asked the court to order a transcript of the proceeding had on his motion to be included in the transcript of the record on his appeal from his conviction. The trial court so ordered. This is a rather unique proceeding. We shall consider the ruling on the motion as though it were properly before us for review. The only ground stated in the motion that may be considered under Rule 27.26, supra, is that the defendant's constitutional rights were violated because the trial court "refused to make an adequate and effective assignment of counsel for the defense after Movant repeatedly wrote letters to the Court informing the Court of Mr. Mack's ineffectiveness." Defendant cited Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158. That case is not in point here for the reason that the trial court timely appointed counsel for the defense. The record shows that on February 3, 1961, the court appointed Roland M. Lending as defense counsel. On that day, a plea of not guilty was entered for Bosler. On February 23, 1961, the appointment was set aside and Herbert A. Mack was appointed. The trial

was commenced on May 22, 1961. Under the ruling of the Powell case, supra, the appointment was made in due time.

■ The trial court heard Bosler's complaint with reference to the competency of Mr. Mack. That court was in a better position to determine the merits of the complaint than this court. The court's ruling was adverse to Bosler's claim. The record of the proceeding and the trial does not support defendant's claim. The record indicates that Bosler and Mr. Mack did not always agree on the action to be taken. Bosler, as the record showed, had had no small amount of experience in criminal procedure. We cannot say that Mr. Mack's conduct of the trial was detrimental to the rights of Bosler. Furthermore, the record shows that Bosler was not easily pleased with attorneys. Mr. Mack was the second attorney to be appointed and he, too, was relieved of his obligations at defendant's request after an appeal had been taken from Bosler's conviction. We rule that Bosler's complaint about Mack's ineffectiveness is not supported by the record. State v. Whitaker, Mo., 312 S.W.2d 34, l. c. 41(16, 17).

Defendant presented a number of collateral matters which we may not review in this proceeding under S.Ct. Rule 27.26, supra. State v. Warren, Mo., 321 S.W.2d 705, l. c. 708(2). The collateral matters were disposed of in the opinion on the appeal from the conviction, supra.

■ Defendant says in his motion to vacate that his constitutional rights were violated because his request for the assignment of counsel to prepare and prosecute the appeal from his conviction was denied. Under the procedure in appeals in criminal cases, this court, as noted supra, reviews all questions preserved in a motion for a new trial in cases where no brief is filed by appellant. See S.Ct. Rules 28.02 and 27.20, and State v. Reece, Mo., 324 S.W.2d 656, supra. Such procedure adequately protects a defendant's rights.

As heretofore stated, the judgment of conviction is affirmed. The order of the trial court refusing to vacate the judgment is also affirmed.

All of the Judges of the Division and STONE, Special Judge, concur.