**STATE of Missouri, Respondent,**

v.

**Clarence Richard BOSLER, Appellant.**

**No. 49129.**

Supreme Court of Missouri,
Division No. 3.

Oct. 21, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, David G. Dempsey, Asst. Atty. Gen., Clayton, for respondent.

Patrick D. Kelly and Charles R. Purcell, Jr., Kansas City, for appellant.

ROY W. McGHEE, Special Judge.

Defendant, charged under the Second Offender Act with first degree robbery, was found guilty by a jury on October 2, 1961, and was sentenced by the trial court to twenty-five years' imprisonment after the court heard evidence out of the presence of the jury with respect to prior convictions and made the necessary findings with reference to five prior convictions.

Defendant appealed from the above conviction. In addition, he filed pro se a motion under Supreme Court Rule 27.26, V.A.M.R., to vacate the judgment of conviction. The trial court overruled that motion without an evidentiary hearing and he appealed therefrom. Thereafter, this court considered both appeals in State v. Bosler, Mo., 366 S.W.2d 369, and affirmed the judgment of conviction and the action of the trial court in overruling defendant's motion under Rule 27.26.

Thereafter, in habeas corpus proceedings in the United States courts it was determined that failure to afford defendant counsel on his appeal from the judgment of conviction violated his constitutional rights and entitled him to release unless this court should vacate the affirmance of his conviction, reinstate his appeal and have counsel appointed to represent him on that appeal. Bosler v. Swenson, 8 Cir., 363 F.2d 154; Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33.

On September 26, 1967, this court set aside its judgment affirming defendant's conviction and reinstated his appeal on our docket. The court appointed counsel who were directed to prepare and file a brief as required by Supreme Court Rules 83.05 and 83.06. This has been done and we now have before us for reconsideration the direct appeal from defendant's conviction.

As one basis for reversal, defendant asserts that the trial court committed plain error in failing to grant a mistrial or, in the alternative, to instruct the jury to disregard testimony of Officer Jacobson who is claimed to have improperly characterized defendant as a "known hold-up man". The incident involving admission of this tesimony was as follows:

"Q  Go ahead, Officer.

"A  We had several photographs with us of known hold-up men in the police department files, and she was shown them.

"Q  And what if anything did Mrs. Rigsbey do in connection with the photographs that she was shown?

"A  She identified one."

Counsel made no objection at the time and the matter was not mentioned in defendant's motion for new trial. Defendant now contends that the incident was so prejudicial as to amount to plain error for which we should reverse under Supreme Court Rule 27.20(c). We do not agree. Positive identification of the defendant was made by one of the store owners and also by a customer who came into the store at the time of the robbery. Defendant's attorney could have objected to the answer of the officer, and it may well be that if he had objected the court would have instructed the jury to disregard the voluntary remark by the witness. It may be that defendant's attorney reasoned that the statement was already in and that it would be better to ignore it than to get it more prominently before the jury by objecting to it. We find nothing in the transcript to indicate that the subject was mentioned further before the jury. This court should not second guess matters of trial strategy, or possible thoughts or lack thereof, at the time of an occurrence, and on that basis reverse the action of the trial court unless it is clear that manifest injustice to defendant occurred. The facts herein are distinguishable from those in State v. Burchett, Mo., 302 S.W.2d 9, cited by defendant. We are not convinced that the statement was

so damaging and prejudicial that a manifest miscarriage of justice occurred, within the meaning of Supreme Court Rule 27.20 (c), and we decline to hold that this was plain error necessitating a reversal of defendant's conviction.

The second point raised by defendant is that the trial court committed plain error when it considered a conviction of attempted stealing of $50 or more as a prior conviction in connection with the sentence of defendant under § 556.280, RSMo 1959, V.A.M.R., the Second Offender Statute. The contention is made by defendant that under § 556.150(5) the punishment for such attempted stealing is fixed at not to exceed nine months in jail, or a fine, or both; that such offense is a misdemeanor and that it may not be considered as a prior conviction under the Second Offender Statute.

■ This contention of defendant overlooks the plain language of § 556.280. In describing therein the prior conviction necessary to an application of the statute, it uses the language "If any person convicted of any offense punishable by imprisonment in the penitentiary, *or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, * * *.*" (Emphasis supplied.) Under this provision, where the prior conviction is for an attempt to commit a particular offense, the test is not what punishment is prescribed in the statute for the attempt, but rather the punishment applicable if the offense attempted had been perpetrated. The punishment for stealing $50 or more does include imprisonment in the penitentiary (§ 560.161, subd. 1(2)). Accordingly, the court properly considered the prior conviction for attempted stealing of $50 or more in connection with the application of the Second Offender Statute.

The third point raised on appeal is that defendant was denied the effective assistance of counsel in his original trial, thereby depriving him of constitutional rights guaranteed by the Sixth Amendment to the Constitution of the United States and Article I, § 18(a) of the Constitution of Missouri, 1945, V.A.M.S. In the alternative, counsel argue that defendant was entitled to a hearing on this issue of ineffective assistance of counsel on his motion under Rule 27.26, and that the trial court erred in denying the motion without an evidentiary hearing.

■ On the direct appeal from his conviction, we could reach this asserted claim of ineffective assistance of counsel only on the basis of plain error under Supreme Court Rule 27.20(c), and in order to give him relief we would have to hold that the record on appeal plainly establishes lack of effective assistance of counsel. Defendant has not had an evidentiary hearing on this issue of ineffective assistance of counsel. Our Rule 27.26 was amended effective September 1, 1967, making various requirements with respect to such proceedings. Defendant's previous motion under Rule 27.26, which was affirmed in 366 S.W.2d 369, was heard by the trial court prior to the date of that amendment. That prior proceeding does not prevent defendant from now filing a motion under amended Rule 27.26. If that is done, and if such amended motion asserts facts which entitle the defendant to an evidentiary hearing in accordance with the provisions of the rule, then the trial court should grant an evidentiary hearing, and in that event the admonitions in State v. Stidham, Mo., 415 S.W.2d 297, and particularly the last paragraph thereof, will be applicable. Under these circumstances, we decline to consider the question of ineffective assistance of counsel under the plain error rule.

The judgment is affirmed.

FINCH, Acting P. J., and McMULLAN, Special Judge, concur.