Clarence Richard **BOSLER**, Appellant,

v.

Harold R. **SWENSON**, Warden, Missouri State Penitentiary, Appellee.

No. 19900.

United States Court of Appeals, Eighth Circuit.

March 19, 1970.

Clarence R. Bosler, pro se.

John C. Danforth, Atty. Gen. of Missouri, and Dale L. Rollings, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and GIBSON, Circuit Judges.

PER CURIAM.

This is another chapter in the seemingly unending controversy between appellant and the State of Missouri, emanating from his conviction of first degree robbery and his sentence of 25 years in the Missouri State Penitentiary in October, 1962. See State v. Bosler, 366 S.W.2d 369 (Mo.1963); Bosler v. Swenson, 363 F.2d 154 (8th Cir. 1966), affirmed, Swenson v. Bosler, 386 U.S. 258, 87 S.Ct. 996, 18 L.Ed.2d 33 (1967); State v. Bosler, 432 S.W.2d 237 (Mo. 1968).

This appeal is from a denial by the United States District Court for the Western District of Missouri of appellant's petition for writ of habeas corpus, without prejudice, on the ground that state post-conviction remedies had not been exhausted.

Prior to initiating his action for federal relief, appellant filed a motion to vacate sentence under Rule 27.26, Mo.R. Crim.P., V.A.M.R., in the Circuit Court of the City of St. Louis. At the time the petition for federal relief was filed in the district court, this Rule 27.26 motion was still pending in the state court. However, appellant contended that the

state court had inordinately delayed in holding an evidentiary hearing and in acting on his motion. He argued that this delay rendered his state remedy inadequate and ineffective and warranted federal intervention without regard to the requirement of 28 U.S.C. § 2254, that a state prisoner exhaust all currently available state remedies before seeking federal habeas corpus relief. Thus, he asked that the district court hold an evidentiary hearing and proceed to a disposition on the merits.

In response to a show cause order, the district court was informed in August, 1969, that the motion was still pending, but that counsel had been appointed to represent appellant, that a pre-trial conference had been scheduled for the last week of that month, and that an evidentiary hearing had been set. With this knowledge of the progress of the state proceeding, the district court found that there were no exceptional circumstances which would entitle appellant to have his petition for federal habeas corpus relief considered on the merits without first exhausting state remedies.

Between the time of the district court's order on August 19, 1969, denying the petition for writ of habeas corpus, and the filing of briefs in this court in December of 1969, an evidentiary hearing was held in the state circuit court on October 13, 1969. Appellant, in his brief, still argued that he was entitled to have his claims considered by the federal courts because of the delay in the state court and particularly because there was no way of determining when the state circuit court would rule on his 27.26 motion.

■■■ We have now been advised that on February 9, 1970, the Circuit Court of the City of St. Louis entered an order denying the Rule 27.26 motion with written findings of fact and conclusions of law. In light of this, it now appears that the inaction of the circuit court of which appellant complained has been resolved. Moreover, appellant has a right to appeal from this order to the Missouri Supreme Court. Rule 27.26(j), Mo.R.Crim.P., V.A.M.R. If there are any federal errors in appellant's conviction, the Missouri Supreme Court should have the first opportunity to pass upon and correct these errors. See Fay v. Noia, 372 U.S. 391, 437–438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). As we noted in Barry v. Sigler, 373 F.2d 835, 838 (8th Cir. 1967), the state courts are the logical courts to hold the hearing and review their own cases.

Accordingly, we affirm the decision of the district court.