**Glen CONNER, Petitioner,**

v.

**Harold R. SWENSON, Warden,. Missouri State Penitentiary, Jefferson City, Missouri, Respondent.**

**Civ. A. No. 19068-3.**

United States District Court,
W. D. Missouri, W. D.

Feb. 16, 1971.

Glen Conner, pro se.

No response required of respondent.

## ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND JUDGMENT DISMISSING PETITION FOR HABEAS CORPUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus, claiming that his state conviction of the offense of second degree murder is invalid. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis will be granted.

Petitioner states that he was convicted by a jury in the Circuit Court of Howell County of the offense of second degree murder; that he was sentenced on that conviction on September 3, 1964, to a term of imprisonment of eighteen years; that he appealed from the judgment of conviction and imposition of sentence; that his conviction and sentence were affirmed on appeal by the Missouri Supreme Court (State v. Conner, Mo., 391 S.W.2d 335); that he has previously filed a petition for habeas corpus in this Court, which was dismissed on April 14, 1967 (see Conner v. Swenson (W.D. Mo.) Civil Action No. 1077 (Central Division)); that he thereafter filed a motion to vacate sentence under Missouri Criminal Rule 27.26, V.A.M.R., in the state trial court and a petition for writ of mandamus in the Missouri Supreme Court, neither of which has yet been ruled on; that he filed a successive petition for federal habeas corpus in this Court which was dismissed for failure to exhaust state remedies on November 2, 1970 (see Conner v. Swenson (W.D.Mo.) Civil Action No. 18790–3); and that he was represented by counsel at his ar-

raignment and plea, at his trial, on sentencing, on appeal, and in preparation, presentation and consideration of his postconviction petitions and motions.

Petitioner states the following grounds for his contention that his state conviction was secured in violation of his federally protected rights:

"Petitioner was denied his constitutional right to a fair trial by reason of the failure of the trial court to comply with the provisions of Section 552 RSMo, in that the petitioner was not accorded an adequate hearing and a judicial determination of the issue of his competence to stand trial. Brizendine v. Swenson, [D.C.] 302 F.Supp. 1011; State v. Brizendine, Mo.Sup.Ct. en banc, [445 S.W.2d 827] No. 53078, decided October 13, 1969.

"Petitioner was denied the effective assistance of counsel contrary to the Sixth Amendment to the United States Constitution by reason of counsel's ignorance of the provisions of Section 552 RSMo, and other rules of law basic to the case."

Petitioner states the following as facts in support of the above grounds:

"On the 6th day of January, 1964, an information was filed in the Circuit Court of Shannon County, Missouri, charging this petitioner with the offense of Murder, first degree.

"Thereafter and on the 16th day of January, 1964, the defendant by his attorney's (sic), filed a 'Motion for Examination of Defendant' requesting an examination into defendant's competency to stand trial, as provided by Section 552 RSMo.

"Thereafter and on January 23, 1964, the Circuit Court of Shannon County, Missouri 'after due consideration of said motion' entered an order of the record directing that the defendant be transferred to State Hospital No. 1 at Fulton, Missouri, for the examination as provided by Section RSMo 552, 1963.

"During petitioner's confinement for the purpose of psychiatric examination as to his competency to stand

trial, petitioner did undergo various mental tests and examinations.

"Petitioner remained in the Fulton State Hospital No. 1 for a period of approximately nine (9) weeks, and on the date of March 24, 1964, a certificate of findings and recommendations was filed in the Circuit Court of Shannon County, Missouri, over the signature of Emile Grunberg, M. D., Acting Director of Forensic Psychiatry, said certificate stated that the defendant had the capacity to assist in his defense and recommended that he be returned to court to stand trial.

"Thereafter and on the date of April 18, 1964, the Circuit Court of Shannon County sustained the defendant's previously filed motion for a change of venue and the cause was transferred to the County of Howell, State of Missouri.

"Thereafter and on the date of April 18, 1964, defendant's attorney, J. Ben Searcy, withdrew as counsel.

"Thereafter and on the date of May 28, 1964, trial commenced in the Circuit Court of Howell County, Missouri, with the defendant represented by Mr. Ronald Fuller, Attorney at Law of Rolla, Missouri.

"Thereafter and on the date of May 29, 1964, defendant was convicted of the offense of Murder, Second Degree, with the jury recommending a sentence of eighteen (18) years imprisonment.

"Thereafter and on the date of September 3, 1964, defendant's previously filed motion for a new trial was overruled and he was sentenced to be confined in the Department of Corrections for a period of eighteen (18) years.

"Prior to defendant's trial on the charge of Murder and subsequent to his psychiatric examination at the Fulton State Hospital No. 1, defendant was never accorded any kind of hearing to determine his competence to stand trial. To the best of petitioner's knowledge, no such hearing has ever been held and there has never been a judicial determination of his competency to stand trial, as required by Section 552, RSMo.

"Trial counsel's failure to insist on an adequate hearing to determine petitioner's competency to stand trial substantially weakened petitioner's defense against the charge of Murder, First Degree. Brizendine v. Swenson, [D.C.] 302 F.Supp. 1011."

The substantive portion of the petition at bar is identical to that which was hitherto filed in this Court by petitioner and was dismissed without prejudice on November 2, 1970, for failure to exhaust state remedies. Conner v. Swenson (W. D.Mo.) Civil Action No. 18790–3. In that case, as in this one, petitioner's motion to vacate sentence under Missouri Criminal Rule 27.26 still pends in the state trial court. In the dismissal in Civil Action No. 18790–3, this Court stated as follows:

"In this case, petitioner has an adequate and effective remedy by which to raise his contentions by means of a motion to vacate sentence in the state trial court under Missouri Criminal Rule 27.26 and by appeal of any adverse decision thereon to the Missouri Supreme Court. It is noted that, although a state prisoner's state remedies may under unusual circumstances be deemed to have been exhausted when he has suffered adverse decisions on the same contentions on direct appeal to the Missouri Supreme Court (see White v. Swenson (W.D. Mo. en banc) 261 F.Supp. 42), petitioner did not raise on direct appeal the contentions which he raises in the petition at bar. State v. Conner, *supra*. Petitioner states that he has raised the contentions in the motion to vacate which is still pending in the state trial court. But his state remedies, in the absence of exceptional circumstances, cannot be deemed to have been exhausted under Missouri Criminal Rule 27.26 until any adverse decision of the state trial court is appealed to the Missouri Supreme Court and an adverse decision rendered by the Missouri Supreme Court. Section 2254

[, Title 28, United States Code] ; Fay v. Noia [, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837] ; Bosler v. Swenson (C.A.8) 423 F.2d 257; Baines v. Swenson (C.A.8) 384 F.2d 621; Collins v. Swenson (C.A.8) 384 F.2d 623; White v. Swenson, *supra*; Russell v. Swenson (W.D.Mo.) 251 F.Supp. 196.

"Petitioner maintains that exceptional circumstances do exist in this case because of the alleged delay of the State trial court in ruling on his pending motion to vacate under Rule 27.26. In this regard, petitioner states that the motion was taken under advisement by the trial court on April 3, 1970, and has not yet been ruled on. He further states that he petitioned for mandamus in the Missouri Supreme Court on July 24, 1970, and his petition for mandamus has not yet been ruled on. In the absence of any other exceptional circumstances not stated by petitioner, the delay in neither case would appear to be excessive. Further, petitioner may file a successive petition for mandamus in the Missouri Supreme Court to compel the action of the trial court on his motion to vacate."

■■ In the petition at bar, petitioner states that, since the dismissal of Civil Action No. 18790–3, the following events have taken place:

"On the date of December 14, 1970, the Missouri Supreme Court sustained the petition for Writ of Mandamus and order (sic) the alternative writ 'returnable to Court en banc in thirty days.'

"As of this date [February 5, 1971] the Circuit Court of Howell County, Missouri, has failed and refused to comply with the Order of the Missouri Supreme Court as above set out.

"The Clerk of the Missouri Supreme Court has failed to reply to petitioner's letter of inquiry regarding further proceedings in the case."

It is readily apparent from those allegations that petitioner's petition for mandamus is still pending in the Missouri Su-

preme Court. An alternative writ does not unconditionally compel the respondent in mandamus to perform the requests of the petitioner. It is, rather, in the nature of a show cause order, directing the respondent either to perform as requested or to show cause why it should not perform. Black's Law Dictionary, 4th Ed., p. 104. Under the Missouri procedural rules governing pleadings in mandamus actions, "the alternative writ is the first or basic pleading, occupying a position corresponding to that of the petition in an ordinary civil action, with the return taking the place of and standing as the answer." State ex rel. Kopper Kettle Restaurants, Inc. v. City of St. Robert, Mo.App., 424 S.W.2d 73, 75. Further, after the return to the writ is filed, "the person suing out or prosecuting such writ shall plead to or traverse all or any of the material facts contained in such return." Rule 94.02, Mo.R.Civ.P. Then, the respondent "shall reply or take issue or direct a motion to the pleadings of the party suing out or prosecuting such writ." Rule 94.03, Mo.R.Civ.P. Thereafter, further proceedings are to be had. Rule 94.04, Mo.R.Civ.P. It is readily apparent that the petition for mandamus is still pending in the Missouri Supreme Court; that petitioner's Rule 27.26 motion is still pending in the state trial court; and that state remedies have not been exhausted and exceptional circumstances do not exist to permit petitioner to invoke federal habeas jurisdiction at the present time under Section 2254, Title 28, U.S.C.

Therefore, for the reasons stated in the judgment dismissing petitioner's prior petition for habeas corpus, Conner v. Swenson (W.D.Mo.) Civil Action No. 18790–3, the petition herein for habeas corpus should be dismissed without prejudice to petitioner's currently available state remedies. It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for habeas corpus be, and it is hereby, dismissed without prejudice.